United States District Court
Southern District of Texas
**ENTERED**
February 04, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MEREDITH CAPITAL CORPORATION, *et al.*, | § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | 3:24-cv-32 |
| SHELLPOINT MORTGAGE SERVICING, LLC, *et al.*, | § § § § | |
| Defendants. | § | |

# ORDER

Before the court is the defendants' Rule 12(c) motion for judgment on the pleadings as to plaintiff John Riddle's claims. Dkt. 24. Riddle has not responded. The court grants the motion.

A motion under Fed. R. Civ. P. 12(c) is "designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). The court applies the Rule 12(b)(6) standard to a Rule 12(c) motion, considering whether the plaintiff "would be entitled to relief under any set of facts or any possible theory that they could prove consistent with the allegations in the complaint." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313

F.3d 305, 326–27 (5th Cir. 2002) (quotations and citation omitted); *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). The court does not, however, accept "[c]onclusory allegations, unwarranted factual inferences, or legal conclusions" as true. *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

Riddle is the guarantor, not the obligor, of the loan at issue. Dkt. 1-2 ¶ 5. As guarantor, Riddle lacks standing to bring a usury claim. *See, e.g., Ginsberg 1985 Real Est. P'ship v. Cadle Co.*, 39 F.3d 528, 534 (5th Cir. 1994) ("[U]nder Texas law a guarantor cannot assert any claim of usury in the underlying obligation.") (citation omitted); *Bair Chase Prop. Co., LLC v. S & K Dev. Co., Inc.*, 260 S.W.3d 133, 145 (Tex. App.—Austin 2008, pet. denied) ("[A] guarantor does not have standing to assert a usury cause of action.").

Nor does Riddle have standing to pursue his declaratory-relief claim based on Tex. Prop. Code § 51 violations. *See, e.g., Jackson v. Wells Fargo N.A.*, No. H-20-1172, 2020 WL 7327582, at *5 (S.D. Tex. Dec. 11, 2020) (finding non-obligor has "no standing to seek relief" because only "the obligor on a loan may challenge the assignment as voidable"); *Jordan v. Bank of Am., N.A.*, No. 4:23-cv-01092, 2024 WL 420903, at *3 (S.D. Tex. Feb. 5, 2024) (finding non-borrower lacked Article III standing to bring Texas law claims relating to foreclosure sale); *Garza v. Wells Fargo Bank,*

*N.A.*, 632 F. App'x 222, 224 (5th Cir. 2016) (holding plaintiff who had no obligation to pay the debt was not entitled to notice of foreclosure under § 51.002).

Because Riddle lacks standing to bring all claims asserted by him in the complaint, the court grants the defendants' motion for judgment on the pleadings, Dkt. 24. A partial final judgment as to Riddle will be entered separately.

Signed on Galveston Island this 4th day of February, 2025.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE